UNITED STATES DISTRIC COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| Plaintiff | **AFFIDAVIT IN OPPOSITION TO THE PROTECTIVE ORDER** |
| vs. | **Hon. Magistrate Judge Jeremiah J. McCarthy** |
| JOHN THOMAS ERMIN a/k/a "Tommy O" | **CASE NO. 1:23-CR-99** |
| Defendant | |

---

STATE OF NEW YORK   }
                    } SS:
COUNTY OF NIAGARA   }

GEORGE V.C. MUSCATO, being duly sworn, deposes and says:

1. I am the attorney assigned to represent JOHN THOMAS ERMIN a/k/a "Tommy O" in the above-captioned matter.

2. This affidavit is submitted in response and in opposition to the Government's request for a protective order.

3. While I truly appreciate that in appropriate cases that protective orders are necessary, however, this proposed protective order is overly broad and literally prohibits this attorney from adequately preparing for trial and the representation of my client.

4. Upon the initial receipt of the Order of Protection, I did contact Assistant United

1

States Attorney Nicholas Cooper and discussed my specific objection as to the Order. Subsequently Defense Attorneys provided to the US Attorney's Office a copy of our proposed Protective Order, which I believe is fair under the circumstances and protects all parties and allows the Defendant to adequately prepare their defense.

5. If the Government's protective order is executed, it would provide hurdles that would be nearly impossible to avoid. For example, I have only downloaded approximately one-third of the discovery material and have accumulated approximately 4,000 pages. I would estimate the balance probably will total 10,000. My client is housed at Livingston County Jail, whose personnel have been fantastic, in accommodating this attorney and my client, however, they require all documents that are copied to be recopied by the jail and then provided to my client. I cannot imagine with that kind of process that there is not the potential for leaking some of this protected material. Otherwise, I would be required to sit at the jail with my client for days on end just to review the material. This is an unfair burden on the defense.

6. In the Government's submission and the indictment, they repeatedly refer to the Outlaw Motorcycle Club as an organized criminal organization. They do not get to walk into court and simply state as a matter of fact such to be same. They will certainly want to offer proof to substantiate their claim. How do I defend such a nefarious claim without engaging members of the club to respond to specific allegations as to the nature of the organization, nature of the allegations, those parties that may have participated in prior conduct. As an example, if I ask a member of the club to get me the names and addresses of those people that may have been involved in a matter in Florida and they do provide these names to me, are they now my agent? I certainly should be

entitled to review with members of the organization any allegations dealing with whether or not the Outlaw Motorcycle Club constitutes a criminal organization. This may very well involve this attorney or my investigator engaged in reviewing documents with club members.

7. Based upon the discovery, it is absolutely imperative that I hire an investigator and a toxicologist. With this number of documents, this places an unfair and nearly impossible burden on this attorney to constantly supervise every contact that said investigator may make and whether or not a protected document might be reviewed.

8. I would call the court's attention to the proposed Order submitted by the Defendants, which seems to be fair to both sides. We are opposed to being handcuffed in our ability to be able to represent our client.

WHEREFORE, your deponent respectfully requests that the Government's protective order be denied and the court consider and enter the proposed protective order submitted by the Defendants attorneys, together with such other and further relief as the court may deem just and proper.

GEORGE V. C. MUSCATO, ESQ.
Attorney for Defendant

Sworn to before me this 3rd
day of July, 2024.

Notary Public

ANNE T. ROTELLA
Notary Public, State of New York
Qualified in Niagara County
My Commission Expires 11/30/2026

3