UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                          23-CR-99-LJV-JJM
                                                            DECISION & ORDER
JOHN THOMAS ERMIN,

        Defendant.

---

      The defendant, John Thomas Ermin, appeals from an order of United States Magistrate Judge Jeremiah J. McCarthy denying Ermin's motion for a renewed detention hearing and release from custody. Docket Item 240 (appealing Docket Item 229). For the reasons that follow, this Court affirms Judge McCarthy's decision to deny Ermin's motion without prejudice.

      On January 3, 2024, after a lengthy detention hearing, United States Chief District Judge Elizabeth A. Wolford ordered that Ermin be detained. Docket Item 3.[1] Chief Judge Wolford first found that "the government ha[d] established by clear and convincing evidence that [Ermin]'s release would pose a risk of danger that could not be adequately protected by reasonable conditions." *Id.* at 32. "Separate and apart from the risks of danger posed by [Ermin]'s release," Chief Judge Wolford found, "there [wa]s the flight risk that, in and of itself, would justify [his] detention." *Id.* The Second Circuit affirmed on both grounds. *United States v. Ermin*, 2024 WL 1652240, at *1 (2d Cir.

---

[1] Ermin initially was ordered released by United States Magistrate Judge H. Kenneth Schroeder, *see* Docket Item 2; however, Chief Judge Wolford set that order aside after the government appealed.

Feb. 21, 2024) ("The district court did not err by determining that Ermin poses a serious risk to the community and that no conditions could reasonably protect against that risk. Nor did the district court err by determining that Ermin poses a serious risk of flight and that no condition or combination of conditions could be imposed on him that would reasonably assure his appearance as required—an independent basis to affirm—based in part on his and his wife's dishonest answers about his past international travel.").

Approximately seven months after the Second Circuit's decision, Ermin moved to reopen his detention hearing. Docket Item 213. He noted that "[a]s a result of the [g]overnment's failure to timely provide discovery, and further delay of the requested protective order, [Judge McCarthy had] found that the [g]overnment acted in bad faith and was willfully negligent." Docket Item 213-1 at ¶ 4(B). And, Ermin said, he had "lost 90 days or more as a result of the [g]overnment's actions," which "constitute[d] a substantial change in circumstances." *Id.* at ¶ 5.

Judge McCarthy denied the motion without prejudice, noting that he had "reviewed [Chief Judge Wolford's] January 3, 2024, decision extensively . . . , and at this point, [he saw] no reason to revisit that." Docket Item 309 at 26. Judge McCarthy found "that what ha[d] occurred and what led to . . . [his] sanctions order would be a change of circumstances [that] would enable [him] to at least consider an application for release." *Id.* at 26-27. "[B]ut having considered what's been argue[d] and what [Chief] Judge Wolford ruled," Judge McCarthy said, he did not "find that there[ was] a basis at this point to order . . . Ermin's release." *Id.* at 27.

In his appeal to this Court, Ermin argues that—in addition to his argument about delay based on the government's conduct—"[a] review of the discovery (or lack thereof)

2

shows something completely different [than what the government proffered to Chief Judge Wolford] and does not support the conclusion that [Ermin] is a danger to the community." Docket Item 304 at 6. Ermin also contends that "[i]t is extreme to believe that his ability to flee would not be hampered by his physical condition," and he also has "offered to pledge his house as security, which has significant equity." *Id.* at 7.

This Court agrees with Judge McCarthy that there is no basis to revisit Chief Judge Wolford's decision at this juncture. More specifically, this Court finds that—even assuming for the sake of argument that the discovery undermines a finding of dangerousness, as Ermin suggests—he has not identified any new information that would warrant revisiting Chief Judge Wolford's finding that he is a flight risk.[2] And as noted above, that finding was cited by the Second Circuit as an independent reason for affirming Chief Judge Wolford. *See Ermin*, 2024 WL 1652240, at *1.

Indeed, Chief Judge Wolford explicitly considered Ermin's physical condition but ultimately found that it did not mitigate his risk of flight. *See* Docket Item 3 at 32 ("The Court recognizes that [Ermin] has lengthy and deep ties to the area, no prior criminal convictions, and physical impediments that on their surface appear to hinder his ability to easily flee the Court's jurisdiction."). The Second Circuit presumably considered that factor as well in affirming Chief Judge Wolford.

---

[2] With respect to Ermin's argument about Judge McCarthy's bad faith finding, this Court has since vacated that decision. Docket Item 310. And in any event, pretrial delay does not constitute a changed circumstance under the Bail Reform Act. *See United States v. Orena*, 986 F.2d 628, 630 (2d Cir. 1993) ("[T]here is no statutory basis for the conclusion that the length of a pretrial detention warrants the granting of bail where there has been a finding of danger to the community. To the contrary, Congress rejected any specific time limit under the Bail Reform Act for detention pending trial, relying instead upon the Speedy Trial Act.").

Nor does this Court think that Ermin's "offer[] to pledge his house as security," see Docket Item 304 at 7, would have swayed Chief Judge Wolford. Chief Judge Wolford found that Ermin was a risk of flight based on, among other things, the fact that he "and his wife both seemingly lied to the [United States Probation Office] when asked about his history of international travel." Docket Item 3 at 32. Moreover, Chief Judge Wolford found that

> [w]ith a network as wide and vast as the Outlaws [Motorcycle Club] that includes convicted felons and a deep reach within the Bureau of Prisons and around the world—reflected by the financial donations received by [Ermin] while hospitalized in 2020 with COVID—it is apparent that [he] would have resources available to assist with any flight that could not be adequately addressed through reasonable conditions.

*Id.* at 32-33. This Court does not see how Ermin's offer to pledge his house as security would alter these findings.

## **CONCLUSION**

For all those reasons, Ermin's appeal of Judge McCarthy's order denying without prejudice Ermin's motion for release is AFFIRMED.

SO ORDERED.

Dated:  December 13, 2024
        Buffalo, New York

                                         /s/ Lawrence J. Vilardo
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE