UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How,

Defendants.

**DECISION AND ORDER**

1:23-CR-00099 EAW

---

Defendants John Thomas Ermin a/k/a Tommy O ("Ermin") and Michael Roncone a/k/a Cone ("Roncone") are charged by way of a Second Superseding Indictment ("SSI"), along with four remaining defendants, with certain crimes, including a conspiracy to obstruct justice involving the alleged death of a federal cooperating witness. (Dkt. 24). Ermin and Roncone have moved to dismiss the counts charged against each of them alleging violations of 18 U.S.C. § 922(g)(3).[1] Count 24 of the SSI alleges that Ermin, knowing that he was an unlawful user of controlled substances, knowingly possessed firearms (Dkt. 24 at 46), and count 25 of the SSI alleges the same with respect to Roncone (*id*. at 46-47). Both Roncone and Ermin raise as-applied challenges to the constitutionality of § 922(g)(3). (Dkt. 536 at 5-7 (Roncone's motion); Dkt. 540 at 3-8 (Ermin's motion); *see also* Dkt. 625 at 1-4 (Ermin's reply)). Roncone and Ermin each claim that applying

---

[1]    Section 922(g)(3) makes it unlawful for any person "who is an unlawful user of or addicted to any controlled substance" to possess a firearm.

§ 922(g)(3) to the facts of their particular cases—where they were firearms' possessors who purportedly only occasionally and sporadically used marijuana—violates their Second Amendment rights. (Dkt. 536 at 5-6 (Roncone claiming that he is an avid hunter with a valid pistol permit and "not a regular drug user"); Dkt. 540 at 5 (Ermin discussing evidence that possession of edible marijuana was for recreational use)).

The government opposes both motions. (Dkt. 611 at 76-83, 95-101). As for Roncone, the government contends that the evidence at trial will establish that he was "historically a drug dealer and a narcotics user, and, at a minimum, a user of both marijuana and cocaine, at the time he possessed the firearms" identified in count 25. (*Id*. at 77). For Ermin, the government contends that "the trial evidence will enable the jury to infer that [he] was using, had recently used, or was a habitual user of a controlled substance on December 7, 2023, the date of his arrest for being an unlawful user of controlled substances in possession of firearms and ammunition." (*Id*. at 101). Because § 922(g)(3) targets habitual users of unlawful drugs who pose a clear danger of misusing firearms, *see United States v. Yepez*, 456 F. App'x 52, 54-55 (2d Cir. 2012) (to be convicted of § 922(g)(3) "there must have been evidence from which a reasonable jury could conclude that [the defendant] 'engaged in a pattern of use of controlled substances that reasonably covers the time of the events charged'"), the government reasons that any infringement on an individual's Second Amendment rights is within the person's control—to regain those rights all the person needs to do is stop habitually using illegal drugs. (*Id*. at 79, 98). Analogizing § 922(g)(3) to historical laws regarding habitual drunkards—namely, laws addressing vagrancy, civil commitment, and surety—the government reasons that under

- 2 -

the framework set forth in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), § 922(g)(3) is consistent with the Nation's historical tradition of firearm regulation. (*Id*. at 77-82, 96-101).

Oral argument was held before the undersigned on September 29, 2025, at which time the Court reserved decision. (Dkt. 636). At a subsequent appearance on October 30, 2025, Ermin's defense counsel suggested the undersigned may want to defer ruling on the pending motions because the Supreme Court had just granted *certiorari* in *United States v. Hemani*, No. 24-1234, ___ S. Ct. ____, 2025 WL 2949569 (Oct. 20, 2025), from the Fifth Circuit's decision holding that § 922(g)(3) was unconstitutional as applied to that defendant.[2]

In support of their motions, Ermin and Roncone rely on holdings of the Fifth Circuit that even for the habitual user of illegal drugs, the Second Amendment forbids restricting possession of firearms based on prior drug use. *See*, *e.g.*, *United States v. Connelly*, 117 F.4th 269, 272 (5th Cir. 2024) (unconstitutional infringement of Second Amendment rights to pursue § 922(g)(3) charge against non-violent defendant who sometimes smoked marijuana as a sleep-and-anxiety aid, finding that "our history and tradition may support some limits on a *presently* intoxicated person's right to carry a weapon . . . but they do not support disarming a sober person based solely on past substance usage"); *United States v. Daniels*, 77 F.4th 337, 340 (5th Cir. 2023) (vacating jury conviction and dismissing

---

[2]    The briefing in *Hemani* will not be completed until at least late January 2026. *United States v. Hemani*, No. 24-1234. A decision will likely be rendered before the anticipated completion of the Supreme Court's term in June 2026.

indictment involving defendant who was habitual user of marijuana, finding that "our history and tradition may support some limits on an intoxicated person's right to carry a weapon, but it does not justify disarming a sober citizen based exclusively on his past drug usage").[3]  But some other circuit courts have not drawn the same line, instead adopting different fact-based tests for purposes of analyzing a defendant's as-applied challenge to § 922(g)(3).  *See United States v. Harrison*, 153 F.4th 998, 1004-05 (10th Cir. 2025) (in as-applied challenge to § 922(g)(3), finding that disarming those believed to pose a risk of future danger is consistent with a "principle[] that underpin[s] our regulatory tradition," *United States v. Rahimi*, 602 U.S. 680, 692 (2024), but remanding to district court for factfinding as to whether non-intoxicated marijuana users posed risk of future danger); *United States v. Harris*, 144 F.4th 154, 162-65 (3d Cir. 2025) (concluding that historic regulations on the dangerously drunk and mentally ill support § 922(g)(3)'s constitutionality as applied to those whose drug use would likely cause them to pose a physical danger to others if armed, but remanding to district court to make factual findings pertinent to whether § 922(g)(3) was constitutional as applied to defendant); *United States v. Perez*, 145 F.4th 800, 807-08 (8th Cir. 2025) (remanding to district court for factual findings—including possible retrial—where defendant was active user of marijuana and engaged in unpredictable and highly dangerous behavior while under the influence, so that

---

[3]     The Supreme Court vacated the judgment in *Daniels* based on its holding in *United States v. Rahimi*, 602 U.S. 680 (2024), and on remand the Fifth Circuit again vacated the conviction, *United States v. Daniels*, 124 F.4th 967 (5th Cir. 2025).  A petition for *certiorari* is pending.  *United States v. Daniels*, No. 24-1248 (June 6, 2025).

factual findings could be made as to whether defendant's "marijuana use caused him to act in an outwardly erratic or aggressive manner that would, in context, be reasonably perceived as disturbing or dangerous to others" and "caused him to 'induce terror, or pose a credible threat to the physical safety of others with a firearm'"). The Second Circuit has not addressed the issue.

The Supreme Court is poised to provide greater clarity[4] and that decision may impact the as-applied challenges raised by Ermin and Roncone. But at least until then, the undersigned is not persuaded that the pending challenges may be resolved at this stage of the proceedings. An as-applied challenge, like the one raised by Ermin and Roncone, "requires an analysis of the facts of a particular case to determine whether the application of [the] statute, even [if] constitutional on its face, deprived the individual to whom it was applied of a protected right." *Picard v. Magliano*, 42 F.4th 89, 101 (2d Cir. 2022). The record is not developed about the extent of the alleged drug use by Ermin and Roncone. For instance, it is unclear whether the evidence will show—as the government suggests— that on December 7, 2023, Roncone and Ermin were habitual users of illegal drugs or under the influence of illegal drugs at the time they possessed firearms, or whether—as Roncone

---

[4] From at least this district judge's perspective, additional clarity is badly needed. The historical analysis test enunciated in *Bruen* is challenging enough to apply. *United States v. Bullock*, 679 F. Supp. 3d 501, 507-08 (S.D. Miss. 2023), *rev'd and remanded*, 123 F.4th 183 (5th Cir. 2024), *cert. denied*, No. 25-5208, ___ S. Ct. ____, 2025 WL 2824426 (Oct. 6, 2025) ("Judges are not historians. We were not trained as historians. We practiced law, not history. And we do not have historians on staff. Yet the standard articulated in *Bruen* expects us 'to play historian in the name of constitutional adjudication.'"). But then to expect district courts to properly craft instructions to elicit jury findings on the facts necessary to evaluate an as-applied constitutional challenge under § 922(g)(3), without any clear and consistent guidance, creates a situation fraught with potential error.

and Ermin contend—they occasionally and sporadically used marijuana on a recreational basis and were not using drugs on the date in question.  Further, at least some of the case law suggests an appropriate inquiry should look at a defendant's risk of danger while using the illegal drugs, but the record here is disputed and undeveloped on that issue.  Thus, it would be premature for the Court to resolve Ermin's and Roncone's as-applied challenges to the constitutionality of § 922(g)(3) at this pretrial stage of the case.  *See United States v. Baker*, No. 23-CR-6087CJS, 2023 WL 5511343, at *4 (W.D.N.Y. July 12, 2023) (collecting cases rejecting as-applied challenges to constitutionality of different sections of § 922 as premature), *report and recommendation adopted*, No. 23-CR-6087 CJS/MWP, 2023 WL 5510401 (W.D.N.Y. Aug. 25, 2023); *see also United States v. Raniere*, 384 F. Supp. 3d 282, 320 (E.D.N.Y. 2019) (to launch an as-applied challenge, it must be "clear what the defendant did" and that must wait until the "facts have been established by evidence introduced at trial and the fact-finder has had an opportunity to weigh in" (collecting cases)).

Accordingly, because the record is not sufficiently developed to enable an appropriate assessment of Ermin's and Roncone's as-applied challenges to the constitutionality of counts 24 and 25 of the SSI, respectively, their motions are denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        November 3, 2025
              Rochester, New York