UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How,

Defendants.

**ORDER**

1:23-CR-00099 EAW

---

Defendants John Thomas Ermin ("Ermin"), Howard Hinkle, Jr. ("Hinkle"), and Peter Gerace, Jr. ("Gerace")[1] filed motions seeking a severance. (Dkt. 405-1 at 13-15 (Ermin motion); Dkt. 408 at 12-13 (Hinkle motion); Dkt. 410-1 at 112-126 (Gerace, Ermin, and Hinkle joint motion); Dkt. 431 at 24-29 (Gerace memorandum); Dkt. 485 (Hinkle reply); Dkt. 493 (Gerace supplemental memorandum); Dkt. 514 (Hinkle sealed motion)).[2]

---

[1]    Defendant Michael Roncone ("Roncone") filed a motion to join in his co-defendants' pending motions. (Dkt. 536 at 10-11; *see also* Dkt. 403 at 26). But Roncone did not file his own severance motion. Simply filing a boilerplate motion seeking to join in unspecified relevant motions filed by co-counsel is not a proper means to pursue an issue or preserve the matter for appeal. *See United States v. Cobb*, 544 F. Supp. 3d 310, 344 (W.D.N.Y. 2021). Accordingly, Roncone's motion for leave to join is denied without prejudice and the Court does not view the record as presently containing a motion for severance by Roncone.

[2]    Defendant Simon Gogolack ("Gogolack") filed a motion seeking a continuance of the deadline for filing his severance motion. (Dkt. 404 at 100-01). He has since filed a motion for severance pursuant to Rule 14. (Dkt. 694). Thus, the motion for a continuance is denied as moot. Also pending before the undersigned is a motion for severance filed by

- 1 -

The government responded in opposition to the motions.  (Dkt. 423 at 81-103; Dkt. 481; Dkt. 506).  Familiarity with the underlying facts and procedural background of this case is assumed.

Ermin, Hinkle, and Gerace moved for severance on two bases: (1) pursuant to Rule 8 of the Federal Rules of Criminal Procedure, on the theory that some of the counts in the second superseding indictment are improperly joined; and (2) pursuant to Rule 14 of the Federal Rules of Criminal Procedure, because of spillover prejudice created by joinder of particular counts and co-defendants.  Oral argument on the motions was held before the undersigned on August 20, 2025.  (Dkt. 567; *see* Dkt. 597).  As the Court explained on August 20, 2025, consideration of severance under Rule 14 was premature at that time, and therefore the motion to the extent it was based on Rule 14 was denied without prejudice. As for the motions based on Rule 8, the Court indicated that it intended to deny the motions and would issue a decision explaining its reasoning in further detail.  (Dkt. 597 at 45).

But while preparing that decision, it has become apparent to the Court that an issue was not adequately briefed in connection with the motions, at least to the extent they were based on Rule 8(b).  Specifically, "[w]hile there are cases in the Rule 8(a) context that suggest the Court can rely on the Government's pre-trial representations . . . that reasoning has not been extended to Rule 8(b). . . .  [T]he Second Circuit has cautioned that 'the plain language of Rule 8(b) does not appear to allow for consideration of pre-trial representations not contained in the indictment, just as the language of the rule does not allow for the

---

defendant Frank Knight ("Knight") pursuant to Rule 14.  (Dkt. 652).  Neither Gogolack nor Knight have sought severance pursuant to Rule 8.

consideration of evidence at trial.'" *United States v. Pizarro*, No. 17-CR-151 (AJN), 2018 WL 1737236, at \*4 (S.D.N.Y. Apr. 10, 2018), *aff'd*, No. 19-2391, 2023 WL 3332539 (2d Cir. May 10, 2023). Yet, in opposition to the severance motions, the government has proffered evidence that it anticipates introducing at trial. (*See*, *e.g.*, Dkt. 423 at 93-94, 96-97).

Thus, the Court concludes that it would be inappropriate to resolve the Rule 8 severance motions filed by Gerace, Ermin, and Hinkle without obtaining supplemental briefing on this issue. In other words, at least with respect to some of the counts, the Court's initial conclusion that the counts had been properly joined was based, in part, on representations made by the government as to anticipated trial evidence. At least with respect to Rule 8(b), this does not appear appropriate.

The Court will address the content and timing for any supplemental briefing at the status conference scheduled for January 21, 2026. The parties may want to consider whether it would be more efficient to set those deadlines in connection with any renewed Rule 14 severance motions, and those issues will be discussed at the status conference.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      January 6, 2026
            Rochester, New York