UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

               Plaintiff,

vs.

                                     Docket No 1:23-CR-99

JOHN THOMAS ERMIN, et al.,

               Defendants.

_____

### DEFENDANT JOHN ERMIN'S RESPONSE TO THE GOVERNMENT'S REPLY AND SUPPLEMENTAL MEMORANDUM REGARDING THE DEFENDANT'S MOTIONS TO SEVER PURSUANT TO RULE 8(b)

As we approach trial, hope does spring eternal when the Government and defense attorneys can agree on some issues.

Defendant JOHN ERMIN agrees with the Government that counts 11-22, 24, 25 and 28 should be severed from the trial of counts 1-3. The Government's analysis of the substantive case law relative to these counts is not necessarily in dispute.  However, defendant Ermin also requests that the Court sever counts 4, 5, 6-10, 23 and 26 from counts 1-3 for trial, for the following reasons:

Defendant Ermin is not named in counts 4 and 6-10.  Putting aside for the moment his argument under Rule 14, although under Rule 8(a) where offenses "are of the same or similar character," joinder may be proper, under Rule 8(b), severance of counts 4 and 6-10 would be the proper remedy here.

As the Court stated in <u>United States v. Pizarro</u>, 2018 WL 1737236 (S.D.N.Y. 2018), ". . . [s]ubsection (b) allows the indictment to charge multiple defendants 'if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses' Fed. R. Crim. P. 8(b)."

Joinder is only appropriate if counts 1-3, together with counts 4 and 6-10, constitute "same series of acts or transactions." But they do not.

<u>Pizarro</u>, citing <u>United States v. Cerone</u>, 907 F.2d 332 (2nd Cir. 1990) reasoned that "[t]he Second Circuit has interpreted this language to mean that 'joinder is proper where two or more persons' criminal acts are unified by some substantial identity of facts or participants,' or 'arise out of a common plan or scheme.' " Multiple defendants may be tried together only if the charged acts are part of a series of acts or transactions constituting an offense or offenses. <u>Pizarro</u>, <u>supra</u>.

FRCP 8(a) would permit joinder of counts 4 and 6-10 against Defendant Gogolack in that the counts are of "same or similar character." However, in a multiple defendant case involving joinder of offenses, FRCP 8(b) mitigates against joining courts 4 and 6-10 with counts 1-3 in which defendant Ermin is charged.

Nowhere in the four corners of the superseding indictment is it alleged or demonstrated that defendant Ermin participated in counts 4 and 6-10.

Unlike Rule 8(a), Rule 8(b) does not permit joinder of defendant's solely on the ground that the offenses charged are of the "same or similar character," which is essence the contention of the Government.

Counts 4 and 6-10 are directly related to defendant Gogolack's separate drug dealing activities.  There is no allegation that defendant Ermin had any involvement with Gogolack's alleged drug dealing activities or that those activities were related (other than temporally) with the conspiracies alleged in counts 1-3 of the indictment.

The Government has further misapplied the holding in United States v. Turoff, 853 F.2d 1037 (2nd Cir. 1988).  In Turoff, a case involving tax fraud, the Court opined that "the most direct link possible between non-tax crimes and tax fraud is the funds derived from non-tax violations either are or product of unreported income."

In this superseding indictment, there are allegations of drug dealing activity by Gogolack but no alleged link to the allegations in counts 1-3 apart from a temporal nexus.  But a temporal nexus, without out more, is not sufficient to justify the joinder of allegations of conduct that would be plainly unrelated (such as, for example, counterfeiting or possession of stolen property) or, as here, conduct with some possible, but no alleged direct relationship to the allegations in counts 1-3.

With respect to count 5, which charges a violation of 18 U.S.C. § 1001 by defendant Knight, the Government correctly notes that count 5 s joinable with the conspiracy charged in count 1, where Knight is a named defendant and for which the conduct in count 5 is recited as an overt act (Dkt. 753, 9).  The Government does not assert that count 5 is joinable with the separate conspiracies charged in counts 2 and 3, in which Mr. Knight is not a named defendant, and the Government's argument that count 1 may be joined with counts 2 and 3 (Dkt. 753, 10) does not resolve without more, the issue of whether count 5, joinable with count 1, is also thereby joinable with counts 2 and 3.

Defendant contends that because the false statement alleged in count 5 is not part of the "same series of acts or transactions" constituting the conspiracies charged in counts 2 and 3, then pursuant to Rule 8, count 5 is not properly joined with counts 2 and 3 should be severed.

Counts 23 (Knight) and 26 (Roncone), alleging additional 18 U.S.C. § 1001 violations should likewise be severed from counts 2 and 3 (and also from count 1 if that count remains joined with counts 2 and 3 for trial) for the reasons set forth above.

**WHEREFORE,** your deponent requests that based on the Government's concessions in its supplemental memorandum (Dkt. 753), the Court sever counts 11-18, 19-22, 24, and 25 from counts 1-3, and based on defendant's motion, sever counts 4-10, 23 and 26, from counts 1-3, and for such further relief as the Court deems just and proper.

/s/ George V.C. Muscato
GEORGE V.C. MUSCATO, ESQ.
Attorney for Defendant JOHN ERMIN

/s/ Donald M. Thompson
DONALD M. THOMPSON, ESQ.
Attorney for Defendant JOHN ERMIN