IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                            23-CR-99-EAW

SIMON GOGOLACK, a/k/a Greek,
PETER GERACE, JR.,
JOHN THOMAS ERMIN, a/k/a Tommy O,
MICHAEL RONCONE, a/k/a Cone,
FRANK KNIGHT, and
HOWARD HINKLE, JR., a/k/a Hard How

                    Defendants.

---

**TRIAL PROTECTIVE ORDER**

Upon motion of the Government for a protective order[1] with respect to early disclosure

of 3500 material and impeachment information, and upon consideration thereof, it is hereby:

**ORDERED** that the Government shall provide 3500 materials[2] on a rolling basis as it

is able beginning on or about March 16, 2026, subsequent to the entry of this protective order;

and it is further

**ORDERED** that the Government shall clearly identify the 3500 materials provided

under this order, including the attorney to whom the disclosure is being made; and it is further

---

[1]      As to the parties' management of the early disclosure of *Jencks* Act material, this Protective Order supersedes the Second Amended Protective entered at Docket 454 (dated June 13, 2025), to the extent it relates to 3500 material.

[2]      For purposes of this protective order, reference to "3500 materials" includes impeachment information and any materials identifying Government witnesses that the Government provides to Defendants pursuant to this protective order.  Nothing in this protective order shall be construed to affect the constitutional requirements that apply to the Government's disclosure of *Brady* or *Giglio* material.

**ORDERED** that the Government shall make good-faith efforts to make as much 3500 material as possible available to counsel for Defendants prior to the commencement of trial on June 8, 2026; and it is further

**ORDERED** that early disclosure of 3500 materials by the Government is encouraged and is for attorney preparation and investigation, and therefore counsel may discuss and review the material with the Defendants but may not permit the Defendants to take or retain physical possession of the material or photograph or otherwise copy or reproduce it; and it is further

**ORDERED** that counsel for Defendants shall be permitted to share the 3500 materials with attorneys, investigators, and support staff assisting with the preparation of the trial (hereinafter "defense team"). However, copies of the 3500 materials shall not be removed from the attorney's custody and control or retained by anyone other than the attorneys of record in this case, except that expert witnesses shall be permitted to possess and retain copies of the 3500 material provided they agree in writing to the terms of this Protective Order; and it is further

**ORDERED** that counsel for the Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials or impeachment information; and it is further

2

**ORDERED** that counsel for the Defendants must retain all copies of the 3500 material, impeachment information, or other witness-related materials provided voluntarily by the Government for trial preparation. Counsel for Defendants may not disseminate any materials provided by the Government pursuant to this protective order to any third parties, post any materials to social media in any format, or verbally disclose the contents of any materials provided by the Government to any third parties. The materials provided pursuant to this protective order shall be used by defense counsel solely for trial preparation, investigation, and trial; and it is further

**ORDERED** that counsel for the Defendants shall ensure compliance with this protective order by each member of the defense team, and shall maintain their own listing of each person who has been permitted to review the materials, in the event that *in camera* review of such list becomes necessary; and it is further

**ORDERED** that, in the event Defendants make a pre-trial motion *in limine* based upon the material provided, or made available, pursuant to this protective order, such motion *in limine* shall redact any non-law-enforcement witnesses' names and identifying information from the proposed publicly filed motion, and unredacted copies of such motion *in limine* shall be provided to the Court and counsel for the government; and it is further

**ORDERED** that at the conclusion of the litigation of this action, including any direct appeal, counsel for the Defendants shall return all copies of the 3500 material and impeachment information to the government immediately upon request of the government, or certify to the government that such material has been destroyed; and it is further

**ORDERED** that nothing contained herein shall allow any party to automatically file judicial documents such as the parties' pretrial filings under seal, and any request in that regard must be made by formal motion.  Sealing from the public of judicial documents should only occur if the Court can make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:       March 10, 2026
             Rochester, NY

4